United States District Court
Southern District of Texas
**ENTERED**
August 21, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANCISCO RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-175 |
| | § | |
| CAMERON BROWN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE

Plaintiff Francisco Rodriguez, who is currently confined at the San Patricio County Jail (SPCJ) in Sinton, Texas, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, Plaintiff has stated Fourth Amendment claims against **Officer Cameron Brown, Officer Johnny Joe Cantu, and Sergeant Eloisa Aguirre** in their individual capacities. Accordingly, it is respectfully recommended that these claims be **RETAINED.** The undersigned will order service on these Defendants. The undersigned further recommends that Plaintiff's claims against Defendants in their official capacities be **DISMISSED**.

**I.      JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

**II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS**

Plaintiff sues the following SPCJ officials in this action: (1) Officer Cameron Brown; (2) Officer Johnny Joe Cantu; and (3) Sergeant Eloisa Aguirre. (D.E. 1 at p. 3). Plaintiff does not indicate whether he seeks to sue Defendants in their individual capacities, official capacities, or both. The undersigned construes Plaintiff's complaint as suing Defendants in both their individual and official capacities. Plaintiff claims that his constitutional rights were violated when SPCJ officials conducted a strip search of Plaintiff and several other detainees in an open area and in the presence of female officials. Plaintiff seeks declaratory and monetary relief.

On June 27, 2019, the undersigned ordered Plaintiff to file a more definite statement of the facts in order to allow the Court to properly evaluate the merits of his claims. (D.E. 7). On July 8, 2019, Plaintiff filed his More Definite Statement. (D.E. 8).

Plaintiff alleges the following relevant facts in his original complaint (D.E. 1) and More Definite Statement (D.E. 8): Plaintiff is a pretrial detainee at the SPCJ. On the night of April 29, 2019, several SPCJ officials conducted a cell search in Plaintiff's cell block. No reason was provided as to why the cell search was necessary. Officers Brown, Cody Austell, Desirae Flores, and Jennifer Medina escorted Plaintiff and eleven other

inmates to the recreation yard.  Plaintiff and eleven other inmates were strip searched in the recreation yard in front of each other.

Plaintiff initially stated in his More Definite Statement that Defendants Brown, Cantu, and Aguirre performed the strip search on Plaintiff.  (D.E. 8, p. 2).  While Officers Brown and Cantu are male, Sergeant Aguirre is female.  (D.E. 8, p. 2).  However, Plaintiff later clarified in his More Definite Statement that Officers Brown and Cantu performed the strip search while Sergeant Aguirre observed Plaintiff through an open window in the far left corner of the recreation yard.  (D.E. 8, pp. 2-3).  According to Plaintiff, Sergeant Aguirre allowed Officers Brown and Cantu to conduct the strip search in a group setting with other inmates and cross-gender staff members were allowed to observe the strip search through open windows.  (D.E. 1, p. 4; D.E. 8, p. 3).  Plaintiff complains he was humiliated and degraded by Defendants' actions to be subjected to a strip search in a public place and without the maximum amount of privacy.  (D.E. 8, pp. 3-4).

## III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune

defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

IV.   DISCUSSION

   A.   **Official Capacity Claims**

Suits against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (internal quotations and citation omitted). Thus, to the extent Plaintiff seeks to sue Defendants in their official capacities, it is effectively a suit against the officials' office, San Patricio County. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Even if the Court were to substitute San Patricio County on behalf of Defendants in their official capacities, Plaintiff would not be able to state a § 1983 claim against San Patricio County. A municipality is liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). See also *Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th Cir. 2010) (noting a municipality may not

be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation). Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Plaintiff fails to cite any county policy or practice that resulted in the violation of his constitutional rights. Accordingly, it is respectfully recommended that Plaintiff's claims against Defendants in their official capacities be dismissed.

### B. Fourth Amendment Claims

As a pretrial detainee at the SPCJ, Plaintiff claims his Fourth Amendment rights were violated when he was subjected to a strip search in front of other inmates as well as female prison staff. The Fifth Circuit recognizes that "[p]risoners retain, at best, a very minimal Fourth Amendment interest in privacy after incarceration." *Oliver v. Scott,* 276 F.3d 736, 744 (*5th Cir. 2002). The Supreme Court has rejected the notion that pretrial detainees should receive greater protection in connection with strip searches as opposed to convicted inmates. *See Bell v. Wolfish,* 441 U.S. 520, 547 n. 28 (1979).

In considering whether a particular strip search is unconstitutional, the Fifth Circuit Court of Appeals distinguishes between a female officer participating in a cross-gender strip search or merely viewing a strip search in an incidental fashion. *See Covarrubias v. Mapps*, No. 6:17cv192, 2019 WL 908247, at *5 (E.D. Tex. Jan. 22, 2019). "[A] strip search of a male prisoner by a female guard in the absent of exigent

circumstances presents a colorable Fourth Amendment claim." *Covarrubia*, 2019 WL 908247, at *4 (citing *Newton v. Joseph*, 718 F. App'x 256, 259 (5th Cir. 2018)). With regard to strip searches conducted in the presence of prison officials of the opposite sex, the Fifth Circuit has reached opposite conclusions in two unpublished cases as to whether a Fourth Amendment claims exists. *Cf. Tasby v. Lynaugh,* 123 F. App'x 614, 615 (5th Cir. 2005) (holding that "strip searches carried out in non-secluded areas of the prison and in the presence of prison employees of the opposite sex are not unconstitutional"); *with Boswell v. Claiborne Parish Dtn. Ctr.*, 629 F. App'x 580, 583 (5th Cir. 2015) (allegations that prisoner was subjected to strip searches by or in front of female deputies and after non-contact visits were nonfrivolous).

    In this case, Plaintiff's allegations indicate: (1) male Officers Brown and Cantu were responsible for the strip search of Plaintiff and his fellow inmates in a non-secluded part of the SPCJ; (2) Sgt. Aguirre, a female official, was present at the strip search to the extent that she could observe it through an open window at the recreation yard. Plaintiff's allegations fail to suggest Sgt. Aguirre was in physical contact with Plaintiff. However, they indicate Sgt. Aguirre was present during the strip search and that her viewing of it was something more than incidental. In light of *Boswell*, the undersigned finds Plaintiff's allegations are sufficient to state a Fourth Amendment claim against Defendants with respect to his privacy interests. Accordingly, it is respectfully recommended Plaintiff's Fourth Amendment claims against Defendants in their individual capacities be retained.

## V. RECOMMENDATION

For purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, state Fourth Amendment claims against **Officer Cameron Brown, Officer Johnny Joe Cantu, and Sergeant Eloisa Aguirre** in their individual capacities. Accordingly, it is respectfully recommended that these claims be **RETAINED.** The undersigned will order service as to Defendants by separate order. The undersigned further respectfully recommends Plaintiff's claims against Defendants in their official capacities be **DISMISSED**.

Respectfully submitted this 20th day of August, 2019.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).